**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. SAG -19-0039** |
| | ) | |
| | ) | |
| | ) | |
| **JEAN BUTEAU REMARQUE** | ) | |
| | ) | |
| **Defendant** | ) | |

## MOTION TO DISMISS THE INDICTMENT FOR ARBITRARY MULTIPLICATION OF OFFENSES

Comes now the Defendant herein, Jean Remarque, through counsel, Donald LaRoche, Esq., pursuant to the Fifth Amendment to the US Constitution, and in does move to dismiss the indictment for incorrect unit of prosecution and arbitrary multiplication of offenses, and in support thereof does state as follows.

"When the intent of Congress as to the unit of prosecution cannot be clearly discerned, doubt must be resolved in favor of lenity. *United States v. Valentine*, 706 F.2d 282, 293 (10th Cir. 1983) (summarizing rule of lenity enunciated *in Bell v. United States*, 349 U.S. 81, 83-84, 75 S. Ct. 620, 622-23, 99 L. Ed. 905 (1955). Consequently, ambiguity in the definition of conduct to be punished must be settled against turning a single transaction into multiple offenses. *Bell*, 349 U.S. at 83-84, 75 S. Ct. at 622-23. "When Congress has the will it has no difficulty in expressing it - when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose

of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. \*\*\* It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses. \*\*\*" *Nelms v. United States*, 291 F.2d 390 (4th Cir. 1961) citing *Bell*, 349 U.S. at 81, 83-84, 75 S. Ct. at 620, 622 (Emphasis supplied).

## A. INCORRECT UNIT OF PROSECUTION AND ARBITRARY MULTIPLICATION OF OFFENSES

When determining the appropriate unit of prosecution for the receipt, distribution and transportation of child pornography, courts focus on the method and timing of receipt as opposed to the number of images and/or videos received. In other words, courts focus on the act constituting the trafficking offense, not the number of images trafficked in that act. Federal Courts have held that the unit of prosecution is determined by whether separate and distinct acts made punishable by law have been committed. Thus, the unit of prosecution is the *actus reus* or the physical conduct of the defendant. See *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002); *United States v. Meyer*, 602 F. Supp. 1480 (S. D. Cal. 1985); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990); See also *United States v. Buchanan*, 485 F.3d 274 (5th Cir. 2007) "The government bore the burden of establishing multiple counts by charging and proving separate receipts of CP. The indictment failed to allege separate receipt of four images identified, the date and time stamps on the copied files were not necessarily the actual times that the images were automatically downloaded to Buchanan's temporary internet folder due to the machinations of some computer programs."

2

Here, although the exact date, someone at the Mr. Remarque's marital home, received the images in question could not be established; the prosecution took the risk to improperly conclude that the filenames are indicative of date and time of when the images forming the basis of counts One & Two of the superseding indictment were received. Therefore no clear and convincing evidence of any specific acts or transactions of receipt of "child pornography was presenting to the Grand jury to obtain the superseding indictment" Accordingly, the Defendant respectfully requests this Court to consider and apply the rationale underlying by the Supreme Court in Ball to "multiple" images under the unique circumstances of this case and further, to consider whether the legal standards set forth there, permit the arbitrary dividing of the images, found in a single medium, to form three distinct offenses of receipts and possession of child pornography under 2252A(a)(2) and 2252A(a)(5)(B), without any showing of proof of separate acts of receipt or separate storage. *Ball v. United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985). Although a single firearm was at issue in Ball, the defense believes that the rationale in Ball should be applied in the context of multiple images that are all discovered on the same date and seized from the same location which is an external hard drive. Since the receipt could not be pinpointed for any of the images in this case, and the superseding indictment and the record are silent about the ways someone at the Defendant's marital home received the images in question; Therefore, the correct unit of prosecution for the entire collection of images allows for only one offense under 18 U.S.C. 2252A(a)(5)(B), only if the Government can prove that the images charged constitute "child pornography".

"The unit of prosecution for a crime is the actus reus, i.e., the physical conduct of the defendant. *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002). Under this reasoning, the separate receipt and possession counts should be reduced to a single charge, since there is no clear

3

and convincing evidence to show any act of receipt or separate storage in this case. Simultaneous possession of a single material containing the images constitute one unit of prosecution, thus, a one-count possession under 2252A (a) (5) (B).

Even though the prosecutor ambiguously contends that no single image would be the subject of both a receipt and possession offenses. (ECF # 131 id. at 5 pp. 1. When a single act is relied upon to establish the offenses, the multiple images must be viewed together and cannot support multiple charges or convictions. This observes the reasoning in Ball.

In light of the rule of lenity enunciated in *Bell*, 349 U.S. at 83-87, the defense is persuaded that Congress did not intend a Defendant to be charged or convicted and punished for both receiving and possessing multiple images under the circumstances of this case inasmuch as possession of a material is incidental to receiving them. Cf. *Ball*, 470 U.S. at 861-62, 105 S. Ct. at 1671-72.

As the Ninth Circuit noted in *Lynn*, "If the government wishes to charge a defendant with both receipt and possession of child pornography based on separate conduct, it must distinctly set forth each medium forming the basis of the separate counts. In other words, the indictment must allege in what form the defendant received the image and in what form he possessed it. The Court also held that "charging different dates for receipt and possession charges alone does not suffice to separate the conduct for double jeopardy purposes. *United States v. Lynn*, 636 F.3d 1127 (9th Cir. 2011) (citing United States v. Scales, 546 F.3d 965 (9th Cir. 2008). The independent, but overlapping statutes, 2252A(a)(2) and 2252A(a)(5)(B), simply are not directed to separate evils under the egregious and unprecedented circumstances of this case.

Contrary to the prosecutor's ambiguous and malicious contention that each count alleged in the superseding indictment is supported by distinct image(s) and dates, while concealing to the Court the "evidence" presented to the Grand jury to support the two receipt counts in the First and Second Superseding Indictments. ECF#131. The truth is the prosecution must still rely on the unique hard drive that was used to support the initial possession charge to establish both the receipt offenses and the possession charge alleged in the superseding indictment; this impropriety is concealed under an insufficient indictment made to mislead the Grand jury and the Defendant. In other words, the different filenames given to the "screenshots" forming the basis of counts One and Two, probably shown the time were the screen captures were taken, but standing alone did not constitute the essential elements to support a violation of 2252A(a)(2).

## B.  PREJUDICE TO DEFENDANT

The Fifth Amendment forbids either multiple prosecutions or multiple punishments for the "same offence." See, e.g., *North Carolina v. Pearce*, 395 U.S. 711, 717-718, 89 S. Ct. 2072, 2076-2077, 23 L. Ed. 2d 656 (1969); *United States v. Benz*, 282 U.S. 304, 307-308, 51 S. Ct. 113, 114, 75 L. Ed. 354 (1931); Ex parte *Lauge*, 85 U.S. (18 Wall) 163, 169, 173-175, 21 L. Ed. 872 (1873).

"When multiple charges are brought, the defendant is" put in jeopardy" as to each charge. To retain his freedom the defendant must obtain an acquittal on all charges; to put the defendant in prison, the prosecution need only to obtain a single guilty verdict. The prosecution's ability to bring multiple charges increases the risk that the defendant will be convicted on one or more of these charges. The very fact that a defendant has been arrested, charged, and brought to trial on several charges may suggest to the jury that he must be guilty of at least one of those crimes. Moreover, where the prosecution's evidence is weak, its ability to bring multiple charges may substantially enhance the possibility that, even though innocent, the defendant may found guilty on

one or more charges as a result of a compromise verdict. The submission of two charges rather than one gives the prosecution "the advantage of offering the jury a choice - a situation which is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence." *Chicos v. Indiana*, 385 U.S. 76, 81, 87 S. Ct. 271, 273, 17 L. Ed. 2d 175 (1966); Missouri v. Hunter, 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); *Ball v. United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985) (dissenting opinions).

Here, the manner in which the prosecution obtained its two superseding indictments charging Mr. Remarque with receipt of child pornography represents a serious threat to the integrity of the judicial process, thereby justifying the exercise of the court's supervisory powers. The prosecution used "filenames" obtained from screenshots to mislead the grand jurors, rather than presenting independent and competent evidence of distinct acts constituting the elements of 18 U.S.C. Sec. 2252A(a)(2). These instructions given to the Grand jury were so improper that it created a biased Grand jury. Thus, the case against Mr. Remarque is so weak and based only on unsubstantiated claims that the prosecutor had to mislead the Grand jury to obtain two superseding indictment containing baseless and unwarranted receipt charges, and conceal it under a facially defective and insufficient indictment. Those additional charges impose an additional stigma and cause additional damage to the defendant's reputation. Also, the prosecution creates a false rebuttal presumption in favor of pretrial detention to arbitrarily maintain the Defendant's oppressive incarceration for almost two years with all the collateral consequences that this court is aware of, for example Tuberculosis, Coronavirus, Liver damage undue anxiety, stress and family separation etc. All to satisfy the vindictive desire of an estranged ex-wife who wants to remove her husband from the U.S. based on false accusations, manufactured and tainted evidence.

6

The Defendant is put in jeopardy with respect to each charge against him. The arbitrary of multiplication of baseless and unwarranted charges serves only to give an appearance of strength of the prosecution's hand. It advances no valid State interest that could not just easily be achieved without bringing multiple "doctored" charges against the Defendant.

Therefore, Mr. Remarque has been irreparably prejudice by the baseless and unwarranted charges brought by the prosecutors without absolutely no evidence to support an ethical prosecution for receipt of child pornography. The defense finds no reason why this Court should encourage prosecutors to tilt the scale of justice against a defendant by employing such egregious tactics and holding a trial based on malicious initiation of prosecution factually and legally baseless and unwarranted.

Wherefore for the foregoing reasons, the Defendant respectfully requests this Court to dismiss the indictment with prejudice to deter such malicious initiation of baseless and unwarranted prosecution.

Respectfully submitted
Donald LaRoche, Esquire for Defendant

_____/s/_____

Law Office of Donald LaRoche, PLLC
3360 Post Office Road #1801
Woodbridge, VA 22195
(774) 204-1016
dlaroche@dlesq,net

Dated: January, 4 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Donald LaRoche, Esq., hereby certify that on this 4th day of January 2021, the foregoing document, filed through the ECF System was served electronically on the registered participants as identified on the notice of electronic filing and in accordance with the Local Rule.

_____/s/_____
Donald LaRoche
Attorney for the Defendant